UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

LAMARR DEPRICE BLUNT,

            Petitioner,

v.                              Case No. 23-CV-1533

WARDEN CHRISTOPHER STEVENS,

            Respondent.

## RECOMMENDATION AND ORDER

The petitioner, Lamarr Blunt, who is incarcerated pursuant to the judgment of a Wisconsin Circuit Court, filed a petition for a writ of habeas corpus. (ECF No. 1.) Accompanying his petition is a motion for leave to proceed in forma pauperis. (ECF No. 3.) Having reviewed Blunt's trust account statement (ECF No. 5), the court concludes that Blunt lacks the financial resources to pay the $5.00 filing fee. Therefore, the court grants Hall's motion to proceed without prepayment of the filing fee.

The Court now reviews Blunt's habeas petition in accordance with Rule 4 of the Rules Governing Section 2254 Cases. Rule 4 states:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an

answer, motion, or other response within a fixed time, or to take other action the judge may order.

Blunt was charged with twenty-two offenses in 2016 and later pled guilty to fifteen counts, while six charges were dismissed but read in at sentencing, and one was eliminated from the amended information. *State v. Blunt*, No. 2021AP2063-CR, 2023 WL 3066524, at *1 (Wis. Ct. App. Apr. 25, 2023). (ECF No. 1 at 2.) Before sentencing Blunt moved to withdraw his guilty pleas, contending that one of the reasons he chose to plead guilty was because his trial counsel was unprepared for trial on the day it was supposed to begin. (ECF No. 1 at 6-7.) The trial court denied his motion without a hearing. (*Id*.) After sentencing, Blunt filed a postconviction motion, asserting that the trial court erred when without a hearing it denied his motion to withdraw his pleas. (*Id*.) The circuit court held a retrospective evidentiary hearing on Blunt's motion to withdraw. (*Id.* at 7.) As described by the court of appeals, the circuit court determined that Blunt's trial counsel had been prepared to go to trial and that Blunt's testimony to the contrary was not credible. *Blunt*, 2023 WL 3066524 at *2-3. As such, Blunt did not have a "fair and just reason" for withdrawing his pleas. *Id.*

The Wisconsin Court of Appeals affirmed, noting that trial courts "should allow a defendant to withdraw his or her plea prior to sentencing 'for any fair and just reason,' unless the State would be substantially prejudiced." *Blunt*, 2023 WL 3066524 at *2 (quoting *State v. Lopez*, 353 Wis. 2d 1, 32, 843 N.W.2d 390, 405-406). However, the court also noted that "the defendant bears the burden of demonstrating a fair and just

2
Case 2:23-cv-01533-WCG   Filed 12/21/23   Page 2 of 4   Document 6

reason for plea withdrawal by a preponderance of the evidence." *Id.* at *3 (citing *Lopez*, 353 Wis. 2d 1, 32, 843 N.W.2d 390, 405-406.) The court of appeals found that the record supported the conclusion that Blunt had failed to demonstrate a fair and just reason for withdrawing his pleas. *Id.* The Wisconsin Supreme Court denied Blunt's petition for review on August 17, 2023. *See* Supreme Court and Court of Appeals Access Program, App. No. 2021AP002063-CR. (ECF No. 1 at 3.)

Blunt's sole ground for relief in his habeas petition is that the circuit court erred when it denied his postconviction motion to withdraw his guilty pleas because he had a "fair and just reason" for doing so—because his trial counsel was not prepared to go to trial. (ECF No. 1 at 6.) Blunt's claim is not based on an alleged violation of a Constitutional right or laws or treaties of the United States. *See* 28 U.S.C. § 2254(a). Blunt does not claim or suggest that he failed to enter his guilty pleas knowingly, intentionally, and voluntarily. Such a claim would be cognizable under § 2254.

Rather, Blunt's claim is based on his allegation that the circuit court erroneously applied Wisconsin state law regarding plea withdrawal. Courts have considered such claims to be precluded on federal habeas review. *See Laughrin v. Clements*, No. 13-CV-1254, 2016 WL 6090851, at *2 (E.D. Wis. Oct. 18, 2016) ("Most of his claims—e.g., that he should have been permitted to withdraw his guilty plea based on new evidence and that the trial court should have held an evidentiary hearing on his postconviction motion—were argued and decided there on the basis of state law. Claims based on state

law are not cognizable on federal habeas review."); *Randolph v. Fuchs*, No. 22-C-273, 2022 WL 671225, at *2 (E.D. Wis. Mar. 7, 2022) (dismissing habeas petition where the only ground for relief was that the state court erroneously denied petitioner's motion for plea withdrawal under Wisconsin law).

Because Blunt's claim only takes issue with the application of Wisconsin state law, the court must recommend that his petition be dismissed.

**IT IS THEREFORE ORDERED** that Blunt's motion to proceed without prepayment of the filing fee (ECF No. 3) is **granted**.

**IT IS FURTHER RECOMMENDED** that Blunt's petition and this action be **dismissed** pursuant to Rule 4 of the Rules Governing § 2254 Cases.

**IT IS FURTHER ORDERED** that, in accordance with 28 U.S.C. § 636(b)(1)(B) and (C) and Fed. R. Civ. P. 72(b)(2), any written objections to any recommendation herein or part thereof shall be filed within fourteen days of service of this recommendation. Failure to timely object waives a party's right to review.

Dated at Milwaukee, Wisconsin this 21st day of December, 2023.

WILLIAM E. DUFFIN
U.S. Magistrate Judge