UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

LAMARR DEPRICE BLUNT,

    Petitioner,

v.                                Case No. 23-C-1533

WARDEN CHRISTOPHER STEVENS,

    Respondent.

**ORDER ADOPTING REPORT AND RECOMMENDATION
AND DISMISSING PETITION**

    Petitioner Lamarr D. Blunt filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On December 12, 2023, Magistrate Judge William E. Duffin screened his petition and filed a Report and Recommendation. In that Report and Recommendation, the Magistrate Judge recommends that the petition be dismissed. Petitioner filed an objection to this recommendation along with a motion for an evidentiary hearing on January 3, 2024. For the following reasons, the court will adopt the Report and Recommendation of the Magistrate Judge, deny the motion for an evidentiary hearing, and order the petition dismissed.

    Petitioner pled guilty to six counts of possession of a firearm by a felon, four counts of possession with intent to deliver heroin, three counts of operating a motor vehicle without the owner's consent, one count of eluding, and one count of felony bail-jumping. Dkt. No. 1 at 2. The trial court imposed a sentence of twenty years of initial confinement to be followed by fifteen years of extended supervision. *Id.* Before sentencing, Petitioner moved to withdraw his guilty pleas, arguing that he chose to plead guilty because his attorney was unprepared for trial. *Id.* at 6. His motion was denied, and Petitioner filed a postconviction motion alleging that the trial court erred

in denying him an evidentiary hearing to determine whether he had a fair and just reason to withdraw his pleas. *Id.* at 7. The trial court held a retrospective evidentiary hearing on Petitioner's motion and determined that Petitioner's counsel was prepared for trial and that Petitioner's testimony to the contrary was not credible. *Id.* The Wisconsin Court of Appeals affirmed on April 25, 2023. *Id.* at 3. The Wisconsin Supreme Court denied Petitioner's petition for review on August 17, 2023. *Id.* In his petition for writ of habeas corpus, Petitioner claims that his constitutional rights to the effective assistance of counsel and to a fair and just trial were violated. *Id.* at 12.

Petitioner's claim that his constitutional rights were violated rests solely on the contention that the trial court erred in finding at the retrospective evidentiary hearing that Petitioner's counsel was prepared for trial when he pled guilty. *Id.* at 7. As explained in Magistrate Judge Duffin's Report and Recommendation, the trial court's determination here was an application of Wisconsin state law and "claims based on state law are not cognizable on federal habeas review." Dkt. No. 6 at 3–4 (citing *Laughrin v. Clements*, No. 13-CV-1254, 2016 WL 6090851, at *2 (E.D. Wis. Oct. 18, 2016)); *see also* 28 U.S.C. § 2254(a). Further, in affirming the trial court's finding that Petitioner's counsel was prepared for trial, the Wisconsin Court of Appeals also applied state law. *State v. Blunt*, No. 2021AP2063-CR, 2023 WL 3066524, at *2 (Wis. Ct. App. Apr. 25, 2023) ("[T]his court will affirm that decision 'as long as it was demonstrably made and based upon the facts appearing in the record and in reliance on the appropriate and applicable law.'" (citing *State v. Jenkins*, 2007 WI 96, ¶ 6, 303 Wis. 2d 157, 736 N.W.2d 24)).

But even if Petitioner's claim was not based on state law, pursuant to § 2254, when a state court adjudicates a claim on the merits, this court shall not grant relief unless the determination "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). Moreover, "a

2

Case 2:23-cv-01533-WCG    Filed 01/05/24    Page 2 of 3    Document 10

determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). Here, Petitioner does not allege facts that would suggest that the trial court made an unreasonable determination or that any clear and convincing evidence exists to rebut the presumption of correctness. Thus, absent such allegations, Petitioner's motion for an evidentiary hearing must be denied and his petition dismissed.

Therefore, based upon the Report and Recommendation of Magistrate Judge Duffin, which is hereby adopted in full, this case is **DISMISSED**. Petitioner's motion for an evidentiary hearing (Dkt. No. 8) is **DENIED**. A certificate of appealability is **DENIED**, as the court concludes that its decision is neither incorrect nor debatable among jurists of reason. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Clerk is directed to enter judgment forthwith.

**SO ORDERED** at Green Bay, Wisconsin this 5th day of January, 2024.

s/ William C. Griesbach
William C. Griesbach
United States District Judge